# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **INSURANCE COMPANY OF THE WEST** | § | |
| | § | |
| **V.** | § | **CAUSE NO. A-06-CA-632-LY** |
| | § | |
| **TEXAS MECHANICAL SYSTEMS, INC.** | § | |
| **ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE


Before the Court is the Insurance Company of the West's Motion for Summary Judgment

filed June 18, 2007 (Clerk's Document 28).

Plaintiff moves for summary judgment, urging that, as a matter of law, given the indemnity

agreement all of the Defendants[1] signed, it is entitled collect its losses of $447,719.17.   The

Defendants' response was due on June 29, 2007.   *See* W.D. Tex. Local R. CV-7(d) (requiring party

opposed to motion to respond within eleven days of service of motion and allowing district court to

grant motion as unopposed if no timely response is filed).   To date Defendants have not filed a

response.   Thus, pursuant to Local Rule CV-7(d), Ingram's motion may be granted as unopposed if

review of the case file reveals that Plaintiff is entitled to summary judgment on the issue of

indemnity agreement.   *See Wang v. Ashcroft*, 206 F.3d 448, 452 (5th Cir. 2001).   This Court may

not, however, invoke the local rule to *automatically* grant a motion that is dispositive of the

---

[1]The individual Defendants who are the "individual indemnitors" are Carlos Navarette, Terri
Navarette, Uwe Brandt, and Lucette Brandt.

litigation. *John v. Louisiana Bd. of Trs. for State Colls. & Univs.,* 757 F.2d 698, 707-10 (5th Cir. 1985).

Instead, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In deciding whether fact issues exist, the Court "must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* Further, the Court, in determining whether there is a genuine dispute as to any material fact, must consider all of the evidence in the record, but does not make credibility determinations or weigh the evidence. *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004). The movant can meet its burden of demonstrating that there is no genuine issue of material fact on an element of the nonmovant's claim if it "point[s] out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

"The nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The nonmovant may not rely on mere allegations in the pleadings. *Id.* Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). If the record as a whole could not lead a rational jury to find for the nonmoving party, there

2

is no genuine issue for trial and summary judgment is warranted.  *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999).

Here, the undisputed summary judgment evidence demonstrates that Defendants approached Plaintiff about issuing performance and payment bonds in connection with Defendants' various construction projects.  Plaintiff responded that before it would execute the bonds it required Defendants to indemnify it from any potential losses.  On January 27, 2005, the parties executed an indemnity agreement which provided, insofar as is relevant to this lawsuit, that the Defendants "shall indemnify and keep indemnified [Plaintiff] against any and all liability for losses and expenses of whatsoever kind in nature, including attorney fees and costs, by reason of having executed or procured the execution of Bonds, or by reason of the failure of the Principal or Indemnitors to perform or comply with the covenants and conditions of this Agreement."  *See* Plaintiff's Motion (Clerk's Doc. No. 28), Exh 1.

According to the agreement, Plaintiff issued performance and payment bonds on three projects Defendants worked on, including two involving the Veterans Administration (VA).  Claims were later asserted against the bonds Plaintiff issued.  Plaintiff conducted an investigation – including hiring The Guardian Group to analyze subcontractor claims on the bonds – to determine the validity of the claims.  During the course of the investigation (and continuing up to today's date, for that matter, given the lack of a response to the motion), Defendants have not informed Plaintiff of any defense they have to the claims Plaintiff has received on the bonds.  Instead, the Defendants have refused to respond to Plaintiff's requests for indemnification or to post collateral sufficient to protect Plaintiff from exposure on the bond claims.  Moreover, Plaintiff has learned that the VA released $114,877.38 to the Defendants even though Plaintiff expressly told the VA not to do so.

3

Defendants have also refused to turn over those funds to the Plaintiff.  Plaintiff responded by filing this lawsuit.

Plaintiff, in its summary judgment evidence, has included the indemnity agreement (signed by each of the Defendants, individually and corporately); an affidavit from Rickord M. Lopez, the Senior Surety Loss Control and Claim Consultant for it; correspondence between it and Defendants attempting to resolve the matter without recourse to the civil justice system; a report detailing the claims relating to the three construction projects the Defendants worked on; and an affidavit from its legal counsel detailing what he believes to be reasonable attorneys' fees.

Under Texas law, indemnity agreements are construed under the normal rules of contract construction.  *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 284 (Tex. 1998).  The primary goal, as always, is to determine the parties' intent.  *Id.*  In determining the parties' intent in the indemnity agreement, words and phrases are given their ordinary, popular, and commonly accepted meaning.  *Safeco Ins. Co. Of America v. Gaubert*, 829 S.W.2d 274, 281 (Tex. App. – Dallas, 1992, writ denied).  Further, we may not expand the parties' rights or responsibilities beyond the limits agreed upon by them in the contract.  *Crowder v. Scheirman*, 186 S.W.3d 116, 119 (Tex. App. – Houston [1st Dist.] 2005, no writ).

Here, the intent of parties cannot seriously be called into doubt.  The agreement states that Defendants "*shall* indemnify and keep indemnified [Plaintiff] against any and all liability for losses and expenses of whatsoever kind in nature, including attorney fees and costs, *by reason of having executed or procured the execution of Bonds . . . .*"  *See* Plaintiff's Motion (Clerk's Doc. No. 28), Exh 1 (emphasis added).  All of evidence in the record before the Court indicates that Defendants have not upheld their promise to indemnify Plaintiff.  This has caused Plaintiff to suffer pecuniary

4

losses. The Defendants signed the contract, Plaintiff issued the bonds, and claims were asserted against those bonds. Instead of living up to their agreement, Defendants have ignored their legal obligation. Based on this evidence, Plaintiff should be granted summary judgment.

Insofar as damages are concerned, the Court recommends that Judge Yeakel ask Plaintiff to supply an accounting of the expenses. The Court is aware that Plaintiff believes it has done so, however, there is what looks to be a $30,000.00 credit issued to it that may not have been taken into account. *See* Plaintiff's Motion, Exh 4 (the Ambreco Receipt). Additionally, Plaintiff is requesting an additional $17,803.63 in attorneys' fees. The Court believes this to be reasonable and recommends that Plaintiff's counsel be awarded that amount.

## V.  RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Insurance Company of the West's Motion for Summary Judgment. *See* Clerk's Doc. No. 28. The Court further **RECOMMENDS** additional briefing on the damages issue.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of August, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE